UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATHEW BILA,

        Plaintiff,

                                                  Case Number 03-10177-BC

v.                                          Honorable David M. Lawson

RADIOSHACK CORPORATION,

        Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR CLARIFICATION

On March 24, 2005, this Court filed an order granting in part and denying in part a motion *in limine* filed by the plaintiff in this employment case brought under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. In his motion the plaintiff sought, among other things, to prevent the defendant from introducing in evidence the fact that he was terminated from subsequent employment for misconduct. As part of that order, the Court limited the defendant, RadioShack Corporation, to using that evidence in accordance with Federal Rule of Evidence 608, meaning that if the specific conduct was relevant to the plaintiff's character for truthfulness, it could be used only intrinsically to impeach his trial testimony. The Court rejected the notion that the evidence was relevant to the jury's consideration of front pay because the Court was of the view that front pay is an equitable remedy to be decided by the Court, and since the evidence otherwise had little probative value on an issue to be determined by the jury, it was substantially more prejudicial than probative, except for impeachment. *See* Fed. R. Evid. 403. The defendant argues on reconsideration that the Court was mistaken on the concept of back pay and the allocation of damages decision-making in FMLA cases between the Court and the jury, and it insists that it may introduce evidence of

termination by a subsequent employer to the jury for its consideration of that damage issue. The Court agrees.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect mislead the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Further, the Local Rules also provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

The "palpable defect" in the Court's reasoning in this case arises from its conception of "front pay" and the belief that both the amount and propriety of awarding front pay rests with the court.

Under the FMLA, a plaintiff who proves a statutory violation is entitled to receive damages in the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee" as a result of the adverse employment action. 29 U.S.C. § 2617(a)(1)(A)(i)(I). The statute plainly authorizes an award of back pay. The FMLA also provides that "the employer . . . shall be liable . . . for equitable relief as may be appropriate." 29 U.S.C. § 2617(a)(1)(B). The Sixth Circuit has found that this provision in the FMLA "provides for front pay." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003). Back pay is measured from the time of the adverse employment action – in this case the termination – "up until the time of the verdict." *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 426 (6th Cir. 1999). "Front pay" is awarded to compensate the plaintiff for loss of earnings in the future until he "might be placed in a position

comparable to that which [he] would have occupied had no unlawful [action] occurred." *Spears v. Bd. of Educ. of Pike County, Ky.*, 843 F.2d 882, 886 (6th Cir. 1988).

Although back pay can be awarded, the amount of damages is to be determined by the jury. *Frizzell v. Sw. Motor Freight*, 154 F.3d 641, 942-43 (6th Cir. 1996). Front pay is considered an equitable remedy, but "[w]hile the determination of the precise 'amount of an award of front pay is a jury question,' the initial 'determination of the propriety of an award of front pay is a matter for the court.'" *Arban*, 345 F.3d at 406 (quoting *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir.1993)).

In either case, a damage award for lost wages is subject to the defense of mitigation. Because an employee has a duty to mitigate, the Sixth Circuit has held that an employer's liability for back pay is tolled when an "employee suffers a 'wilful loss of earnings.'" *Thurman v. Yellow Freight Sys., Imc.*, 90 F.3d 1160, 1168 (6th Cir. 1996). Gross misconduct or willful violation of a company's work rules that results in an employee's discharge from subsequent employment will toll an employer's liability damages on account of back pay. *Id.* at 1169.

The plaintiff's loss of his subsequent job at Family Video occurred during the period for which he could seek damages for back pay. The defendant is entitled to present evidence to the jury that the plaintiff's conduct caused him to lose a job that otherwise would have mitigated his loss of wages from the defendant. Even if the period could be considered as falling within a front pay award, which it cannot, the jury would be entitled to consider the evidence on the issue of the amount of damages if the Court determines that an award of front pay is appropriate.

Accordingly, it is **ORDERED** that the defendant's motion for clarification or reconsideration [dkt # 49] is **GRANTED**.

It is further **ORDERED** that the defendant may present evidence of the plaintiff's loss of his subsequent job at Family Video unconstricted by the limitations of Federal Rule of Evidence 608.

It is further **ORDERED** that the parties are to appear for a final pretrial conference in accordance with the Case Management and Scheduling Order at **2:30 p.m. on April 5, 2006.** The parties shall submit to chambers a proposed joint pretrial order as directed by the Case Management and Scheduling Order on or before **March 29, 2006.** Trial shall begin on **April 18, 2006 at 8:30 a.m.**

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: February 16, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 16, 2006.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS